UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CV-06-61-B-W |
| v. | ) ) | |
| TINA L. CHURCHILL and TOBY LEVENSALOR | ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO DISCHARGE PLAINTIFF FROM INTERPLEADER ACTION**

American General Life Insurance Company (American General) filed this interpleader action on May 19, 2006 pursuant to 28 U.S.C. § 1335 to resolve a dispute concerning a life insurance policy. *See Compl.* (Docket # 1). Each defendant claimed beneficiary status under a policy issued to Doreen Levensalor, who died January 15, 2006.[1] Pursuant to an Order dated May 30, 2006 (Docket # 5), American General deposited with the Clerk the sum of the policy proceeds – $10,000 plus interest. The Court grants American General's motion to be discharged from the interpleader action, but denies its request for an award of attorney's fees.

**I.   Motion to Discharge**

On August 4, 2006, American General moved to be discharged from the interpleader action, and requested an award of attorney fees for bringing the interpleader action. *Mot. to Discharge Pl. from Interpleader Action* (Docket # 11). In response, Tina L. Churchill does not

---

[1] The decedent's daughter, Tina Churchill, was the primary beneficiary when the policy was issued on September 5, 1994, and there was no named contingent beneficiary. *Compl.* ¶ 6. Toby Levensalor, the decedent's son, became the primary beneficiary on January 12, 2006 when decedent filed a change of beneficiary form, three days before her death. *Id.* ¶ 8.

challenge the propriety of American General's request for discharge.  *Resp. to Mot. to Discharge Pl. from Interpleader Action* ¶ 8 (Docket # 16) (*Def.'s Resp.*).[2]  The motion to discharge Plaintiff from the interpleader action is granted without objection.

## II. Attorney's Fees

Ms. Churchill does, however, challenge American General's request for an award of attorney's fees.  *Def.'s Resp.* ¶ 8.  The Court may award attorney's fees; the question is whether it should.[3]  Under 28 U.S.C. § 2361, courts are empowered to "make all appropriate orders to enforce its judgment."  *Id.*  *See also* 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1719 ("A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so."  However, "costs and fees will not be allowed as a matter of course."); *Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist.*, G-05-334, 2006 U.S. Dist. LEXIS 47907 (D. Tex. June 30, 2006) ("An award of attorney fees and costs to a stakeholder, however, is not automatic. The decision rests within the discretion of the court.").

The general rule, which is followed in the First Circuit, is that attorney's fees are awarded in interpleader actions "to compensate a totally disinterested stakeholder who had been, by reason of the possession of the fund, subjected to conflicting claims through no fault of its own." *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962);  *see also Septembertide Publishing, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) ("[A] disinterested stakeholder who

---

[2] Mr. Levensalor did not respond to Plaintiff's motion, nor did he answer the complaint.

[3] There is a consensus that for a federal interpleader, a federal, not state standard applies. *See Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 615-17 (N.D. Ill. 1976). Here, it makes no difference.  In 1928, the Maine Supreme Judicial Court noted that "the usual practice in this state has been to award costs and a reasonable counsel fee to plaintiff in interpleader."  *First Nat'l Bank v. Reynolds*, 127 Me. 340, 350, 143 A. 266, 270 (1928).  However, *Reynolds* went on to confirm that "[s]uch an allowance is, however, a matter of discretion and not of right." *Id.*  As both federal and Maine standards are grounded on the exercise of discretion, the standards are essentially the same.

asserts interpleader is entitled to be awarded costs and attorney's fees."); *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451 (5th Cir. 1971).[4]

In a 1965 opinion, however, Judge Friendly carved out an exception when insurance companies initiate interpleader actions to resolve disputes among conflicting beneficiaries. *Travelers Indemnity Company v. Israel*. 354 F.2d 488 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds by bringing an action for interpleader.").[5]

Following Judge Friendly's opinion, courts have denied applications for attorney's fees from insurance companies in interpleader actions under three separate theories. *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001). First, insurance companies should not be compensated "merely because conflicting claims to proceeds have arisen during the ordinary course of their business." *Id.*; *see also Sun Life Insurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990); *Prudential v. Baton Rouge*, 537 F. Supp. 1147, 1150-51 (M.D. Ga. 1982); *Minnesota Mutual Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 617-19 (W.D. Ill. 1976) ("[W]hen an insurance company brings an interpleader action

---

[4] The Fifth Circuit outlined factors for determining whether to award attorney fees in interpleader actions: "(1) Whether the case is simple or involved; (2) Whether the stakeholder performed any unique services for the claimants or the court; (3) Whether the stakeholder acted in good faith and with diligence; (4) Whether the services rendered benefited the stakeholder; (5) Whether the claimants improperly protracted the proceedings. *Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist.*, G-05-334, 2006 U.S. Dist. LEXIS 47907, *25 (D. Tex. June 30, 2006) (quoting 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1719). These factors do not favor American General: the case is not complicated, the Court is not aware of any unique services performed by Plaintiff, there is no evidence of bad faith; the services arguably benefited American General by avoiding multiple lawsuits, and there is no suggestion that Defendants improperly delayed the proceedings.

[5] This is not to say that attorney's fees may never be awarded to an insurance company in an interpleader action. For example, in *Travelers Ins. Co. v. Estate of Garcia*, 00-CV-2130, 2003 U.S. Dist. LEXIS 2828 (E.D.N.Y. 2003), Judge Glasser allowed recovery of $25,000 in attorney's fees from the interpleader funds, even though the policy proceeds were only $78,771. However, Judge Glasser noted that the case involved "unique problems for a disinterested stakeholder", ranging from threatened suits, difficulty effecting service on possible claimants, and the need to defend against counterclaims and dispositive motions. *Id.* at * 12-14. This case presents no such unique problems.

concerning disputed claims of a kind that usually arise in the course of its business, fees should not be granted to its counsel."). Underlying this rationale is the precept that insurance companies are uniquely positioned to allocate the ordinary costs of doing business among their policyholders. *Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)*, 21 F.3d 380, 383 (11th Cir. 1994).

Second, insurance companies "are by definition interested stakeholders, because the interpleader action immunizes the company from further liability under the contested policy."[6] *Unum*, 170 F. Supp. 2d at 794; *see also Thomas*, 735 F. Supp. at 733 ("[A]n interpleader action brought by . . . an insurance company is brought primarily in the company's own self-interest."); *Prudential*, 537 F. Supp. at 1150-51; *Western Life Ins. Co. v. Nanney*, 290 F. Supp. 687, 688 (E.D. Tenn. 1968) ("If it paid such proceeds to the wrong beneficiary, it could conceivably be compelled to pay the sum twice."); *Cogan v. United States*, 659 F. Supp. 353, 354 (S.D. Miss. 1987).

Third, such an award would "senselessly deplete the fund that is the subject of preservation through interpleader." *Unum*, 170 F. Supp. 2d at 795; *Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *Paul Revere Life Insurance Co. v. Riddle*, 222 F. Supp. 867, 868 (E.D. Tenn. 1963).[7]

American General's request for attorney's fees fails under all three rationales. This interpleader action – a dispute between conflicting beneficiaries – falls within the ordinary

---

[6] This is the weakest of the three rationales. As Professors Wright, Miller and Kane point out, all stakeholders, not just insurance companies, benefit from the ability to obtain a judicially approved discharge in interpleader actions. 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1719.

[7] American General urges this court to follow *Centex-Simpson Construction Co. v. Fidelity & Deposit Co.*, 795 F. Supp. 35 (D. Me. 1992), in which the court reiterated the *Ferber* standard. This case, however, is distinguishable on its facts. In *Centex-Simpson*, the plaintiff was a general contractor, and the interpleader fund was comprised of monies due a subcontractor. Finding that the plaintiff was a disinterested stakeholder – innocently caught in a fight between the subcontractor's creditors – the district court ordered that the plaintiff's attorney's fees be paid out of the interpleader funds. *Id*. at 42. Unlike the insurance context here, an interpleader action is not a part of the normal course of business for a general contractor.

course of business for a life insurance company and American General is capable of allocating such costs among its policyholders. American General has requested not only that it be dismissed from this action, but that the Court discharge it from any further liability. Finally, the amount of the proceeds is only $10,000.00 and any claim for attorney's fees would seriously deplete the amount available under the terms of the policy to the rightful beneficiary.

### III.  Conclusion

Plaintiff American General Life Insurance Company's motion for discharge from the interpleader action is hereby GRANTED, and its request for attorney's fees is DENIED (Docket # 11).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2006